■ In the Matter of PAMELA MARTELLE, Appellant, v DOUGLAS MARTELLE, Respondent.—Harvey, J. Appeal from that part of an order of the Family Court of Washington County (Leary, J.), entered June 10, 1986, which conditioned respondent's obligation to pay support for his children upon petitioner's allowing visitation to occur.

Petitioner and respondent are the divorced parents of two young children who reside with petitioner. Respondent stopped paying his child support obligations when petitioner allegedly denied him visitation with the children. Petitioner resides in Connecticut and receives public assistance from the Aid to Families with Dependent Children program in the amount of $487 per month. The collection unit of the social services department in Connecticut which was providing funds to petitioner had petitioner commence this proceeding pursuant to the Uniform Support of Dependents Law seeking support from respondent. Respondent resides in New York and is a State employee. After a Connecticut Superior Court Judge ordered the matter transmitted to Family Court, Washington County, a hearing was held before a hearing examiner who made findings of fact and ordered that respondent's child support obligation be conditioned upon petitioner's allowing him visitation. Family Court denied objections to the order filed by petitioner and thus the order was affirmed. Petitioner appeals.

Petitioner contends that the hearing examiner lacked subject matter jurisdiction since respondent asserted the denial of his visitation rights as a defense to the support proceeding. Family Court Act § 439 allows the use of hearing examiners to hear and determine support proceedings. However, hearing examiners "shall not be empowered to hear, determine and grant any relief with respect to * * * issues of * * * visitation including visitation as a defense" (Family Ct Act § 439 [a]). Here, the hearing examiner considered testimony in which respondent asserted that his alleged denial of visitation was a

defense to the support proceeding. The hearing examiner granted relief concerning visitation by conditioning the payment of support upon visitation. This determination was beyond the scope of his statutory authority. Hence, to the extent the order is based upon this determination by the hearing examiner, it must be reversed.

Having determined that the hearing examiner acted beyond the scope of his authority and that the order appealed from must thus be reversed, it is not necessary for us to address the further issue raised by petitioner as to whether it was proper in this case to make the child support payments contingent upon respondent's visitation rights. However, since the matter must be remitted to Family Court for further consideration, we direct that court's attention to the recent amendment to Domestic Relations Law § 241 (L 1986, ch 892, § 7) which is relevant to this issue.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Washington County for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.